Daniel J. Herling (SBN 103711)
Keller and Heckman LLP
3 Embarcadero Center, Suite 450
415.948.2800
415.948.2808 - fax

Attorneys for Plaintiff
Tokyo Electron Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKYO ELECTRON LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>SPANSION, INC.<br><br>Defendant. | Case No. CV 09 0502 PVT<br><br>COMPLAINT FOR:<br>(1) BREACH OF CONTRACT;<br>(2) UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST;<br>(3) DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff Tokyo Electron Limited ("TEL"), as and for its Complaint in this action by its attorneys Keller and Heckman LLP, respectfully alleges as follows:

**PARTIES**

1. Tokyo Electron Limited is a corporation formed under the laws of Japan.

2. Upon information and belief, Defendant Spansion, Inc., (NASDAQ: SPSN) is a Delaware corporation, with its principal place of business at 915 DeGuigne Drive, Sunnyvale, California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds the sum of $75,000, and there is complete diversity of citizenship among the parties to the action.

4. This Court has personal jurisdiction over the Defendant because the Defendant conducts business within the Northern District.

business within the Northern District.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (1) because the Defendant conducts business within the Northern District. Venue is also proper, pursuant to 28 U.S.C. § 1391(a), because the wrongful acts and a substantial part of the claims alleged herein, arose in the Northern District.

**INTRADISTRICT ASSIGNMENT**

6. Pursuant to Northern District Local Rules 3-5(b), 3-2(c), and 3-2(e), this action is properly assigned to the San Jose Division of the Northern District Court on the basis that a substantial part of the events or omissions which give rise to the claims herein occurred within the County of Santa Clara.

**GENERAL ALLEGATIONS**

7. In 2001, TEL and Advanced Micro Devices, Inc. ("AMD") entered into a Business Agreement No. TCZ 100056 ("AMD Agreement"), which enabled all of AMD's divisions, locations, and wholly owned subsidiaries to purchase any Equipment, Spare Parts, Services, Upgrades, and/or Software ("products") offered by TEL.

8. The AMD Agreement at Section 1, "Scope of Agreement" provides: "... This Agreement anticipates the execution of written purchase orders (each a "Purchase Order"), each of which is incorporated in full into this Agreement by reference and shall be subject to the terms and conditions of this Agreement. In the event of a conflict or inconsistency between the terms and conditions of the Purchase Order and those of this Agreement, this Agreement shall control."

9. Upon information and belief, Spansion, Inc., was spun off from AMD in a Type D reorganization. In order to continue the business relationship on the same terms as the AMD Agreement, TEL and Spansion agreed to abide by the terms and conditions of the AMD Agreement.

10. Negotiations between TEL and Spansion resulted in Spansion ordering various products from TEL to be delivered on various occasions. Despite TEL fulfilling the orders, Spansion failed to make certain payments in a timely fashion. Accordingly, Spansion and TEL entered into an agreement dated May 16, 2008, which required Spansion to make payments as of January 31, 2009, as it related to specific Purchase Orders. Under the terms of this agreement, which was entitled, "Spansion-TEL Capital Payment Push-Out Agreement" ("Push-Out Agreement") (attached as Exhibit A), a total of

$51,256,037.00 was owed by Spansion to TEL.

11. In November 2008 and December 2008, Spansion made two payments to TEL, in a total amount of JPY1,114,268,566, including Japan consumption tax (equivalent of US$10,404,002 under the Push Out Agreement). Despite extensive further negotiations, no further payments from Spansion have been forthcoming.

12. TEL fully complied with all purchase orders from Spansion and delivered the product as required. In contrast, despite repeated attempts by TEL to obtain payment, including, but not limited to, the Push-Out Agreement, Spansion failed and continues to fail to pay TEL the money due pursuant to the Purchase Orders and Push-Out Agreement.

13. Section 17.5 of the AMD Agreement provides, in part:

> Nothing in this Section shall be construed to preclude any party from seeking injunctive or other provisional relief in order to protect its rights pending mediation or arbitration, provided, however, that such relief may only be sought within an appropriate judicial forum with competent jurisdiction.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

14. Plaintiff repeats, realleges, and incorporates by reference, each and every allegation and averment set forth in this Complaint with the same force and effect as if the same were more fully set forth at length herein.

15. TEL and Spansion agreed that the AMD Agreement would control their business relationships. TEL and Spansion entered into the Push-Out Agreement, whereby Spansion had certain obligations, including, but not limited to, making payments on a timely basis.

16. Spansion has breached the Push-Out Agreement by failing to make the payments in a timely fashion.

17. Section 17.5 of the AMD Agreement provides the parties an opportunity to petition the Court for injunctive or other provisional relief in order to protect its rights pending mediation or arbitration.

18. Spansion's failure to pay under the terms and conditions of its Purchase Orders, as well as the Push-Out Agreement are sufficient grounds to permit TEL to seek injunctive or other provisional

relief in accordance with Section 17.5.

19. As a result of Spansion's breaches, TEL has been irreparably harmed and is entitled to a ruling of this Court to require Spansion to comply with the terms and conditions of its Purchase Orders and the Push-Out Agreement.

## SECOND CAUSE OF ACTION

### (Unjust Enrichment and Imposition of Constructive Trust Against Defendant)

20. TEL repeats, realleges, and incorporates by reference, each and every allegation and averment set forth in this Complaint with the same force and effect as if the same were more fully set forth at length herein.

21. As a result of the relationship between TEL and Spansion and the facts stated above, Spansion has been unjustly enriched and a constructive trust should be established over the monies that have been wrongfully retained by Spansion from TEL.

22. TEL has conferred a benefit on Spansion, and Spansion has knowledge of this benefit and has voluntarily accepted and retained the benefit conferred on it.

23. By reason of the foregoing, TEL has been irreparably harmed and is entitled to the imposition of a constructive trust.

## THIRD CAUSE OF ACTION

### (Declaratory and Injunctive Relief Against Spansion)

24. TEL repeats, realleges, and incorporates by reference, each and every allegation and averment set forth in this Complaint with the same force and effect as if the same were more fully set forth at length herein.

25. TEL requests that pursuant to 28 U.S.C. Section 2201, this Court declare the respective rights and duties of the parties in this matter with regard to the Push-Out Agreement and Spansion's obligations to fully comply with it.

26. For the reasons given above, a valid case in controversy exists sufficient for this Court to declare the rights and remedies of the parties and that there are and will continue to be acts by Spansion that are harming and will continue to harm TEL, including, but not limited to, Spansion's failure to

comply with the terms and conditions of the Push-Out Agreement.

27. There was an actual, ripe and live controversy between TEL and Spansion regarding whether Spansion may continue to deny TEL the monies it is owed.

28. Accordingly, TEL requests that this Court issue a declaratory judgment declaring that Spansion is breaching the Push-Out Agreement by failing to provide the monies owed.

29. TEL asks this Court to issue a declaration preliminarily and permanently enjoining Spansion from continuing to breach the Push-Out Agreement.

**PRAYER**

**WHEREFORE**, Plaintiff Tokyo Electron Limited prays for judgment as follows:

1. On the First Cause of Action, for actual damages in the sum of ($44,550,025.00) pursuant to the agreements embodied in the Purchase Orders and Push-Out Agreement;

2. On the Second Cause of Action, the imposition of a constructive trust against Spansion;.

3. On the Third Cause of Action, for a declaration that Spansion must comply with the Push-Out Agreement and an injunction enjoining Spansion from breaching the Push-Out Agreement;

4. For prejudgment interest;

5. For costs of suit herein incurred;

6. For reasonable attorney's fees in accordance with applicable law; and

7. For such other and further relief as the Court may deem just and proper.

Dated: February 4, 2009                                  Keller and Heckman LLP

By: _____
Daniel J. Herling

Attorneys for Plaintiff
TOKYO ELECTRON LIMITED